BRIAN M. WILLEN (*pro hac vice*)
    bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, State Bar No. 186515
    vjih@wsgr.com
EVE A. ZELINGER, State Bar No. 328862
    ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON, an individual, | Case No. 2:21-cv-07145-GW-JEM |
| Plaintiff, | **DEFENDANT TWITTER'S ANSWER** |
| v. | |
| TWITTER, INC., a Delaware corporation, et. al., | **JURY TRIAL DEMANDED** |
| Defendants. | |

# DEFENDANT TWITTER'S ANSWER

Defendant Twitter, Inc. ("Twitter") hereby answers the Complaint filed in Case No. 2:21-cv-07145-GW-JEM. On January 3, 2022, the Court granted Twitter's motion to dismiss, which resulted in the dismissal of all claims against Defendants Twitter International Company, TweetDeck, Inc. and Magic Pony Technologies, Inc. (each, a "Dismissed Defendant," and together, the "Dismissed Defendants"), as well as the dismissal of Plaintiff's state-law False Light claim (Count V) against all Defendants. *See generally* ECF No. 33 (Jan. 3, 2022). The Court also expressly limited Plaintiff's state law Right of Publicity claim (Count IV) to the Doe defendant only, "reject[ing] Plaintiff's attempts to improperly extend her right of publicity claim to include Twitter and its affiliates." *Id.* at 6. Accordingly, there is no need for the Dismissed Defendants to answer the Complaint, or for Twitter to answer Count IV or V, and Twitter's answer is therefore directed solely to the remaining claims for copyright infringement asserted against it.

To the extent the paragraphs of the Complaint are grouped under headings and subheadings, Twitter responds generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions and pejorative inferences to which no response is required.

Further, Twitter objects that, rather than a short and plain statement of Plaintiff's allegations and claims required by Fed. R. Civ. P. 8, the Complaint adopts a prolix narrative approach with unnecessary rhetoric and built-in assumptions that often make straightforward responses impossible.

Except as expressly admitted herein, Twitter denies any and all allegations as set forth in the Complaint. Twitter reserves the right to amend and/or supplement its Answer as may be necessary. Twitter further answers the numbered paragraphs in the Complaint as follows:

## JURISDICTION AND VENUE

1. Twitter admits that this Court has subject matter jurisdiction over Plaintiff's copyright claim. No response is required to the remaining allegations in Paragraph 1, as this Court has dismissed Count V and expressly limited Count IV to the Doe Defendant.

2. Twitter does not contest personal jurisdiction against it for the limited purpose of this action only. No response is required to the remaining allegations in Paragraph 2, as this Court dismissed Twitter International Company, TweetDeck, Inc., and Magic Pony Technology, Inc. from this action, and Twitter denies the remaining allegations on that basis.

3. Twitter admits that the claims alleged in this Complaint arise, at least in part, in the State of California and the Central District of California.

4. Twitter does not contest venue in this judicial district nor personal jurisdiction over it for the limited purpose of this action only. Twitter admits that it operates an interactive website that is accessible in the County of Los Angeles and that it maintains a physical office in the County of Los Angeles. To the extent the remaining allegations in Paragraph 4 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the remaining allegations in Paragraph 4 are directed at the Dismissed Defendants, no response is required because this Court dismissed those entities from this action, and Twitter denies the allegations on that basis.

## THE PARTIES

5. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5, and therefore denies them.

6. Twitter admits that it is incorporated in the state of Delaware with file number 4337446, that it is headquartered in San Francisco, California, that it is registered with the State of California with entity number C3006676, and that CT Corporation System, with an address in Glendale California, is its registered agent

for service of process. Twitter admits that it owns and operates the website Twitter.com, and that Twitter users may access the Twitter services through Twitter for iPad, Twitter for iPhone, Twitter for Android, Twitter for Mac, and TweetDeck. Twitter further admits that its users access its platform pursuant to its Terms of Service. To the extent that the remaining allegations in Paragraph 6 are directed at or concern the Dismissed Defendants, or are construed to contain legal contentions addressed to Twitter and/or concerning the Dismissed Defendants, no response is required, as this Court has since dismissed the Dismissed Defendants from this action, and Twitter denies the remaining allegations on that basis.

7. No response is required to Paragraph 7 because the allegations solely pertain to a Dismissed Defendant, and on that basis, Twitter denies the allegations.

8. No response is required to Paragraph 8 because the allegations solely pertain to a Dismissed Defendant, and on that basis, Twitter denies the allegations.

9. No response is required to Paragraph 9 because the allegations solely pertain to a Dismissed Defendant, and on that basis, Twitter denies the allegations.

10. To the extent the allegations in Paragraph 10 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the remaining allegations in Paragraph 10 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

11. Twitter admits that there previously existed an account on Twitter with the handle @city_tits. That account has been suspended. Twitter also admits that its users access its platform pursuant to its Terms of Service. To the extent the remaining allegations in Paragraph 11 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the remaining allegations in Paragraph 11 solely pertain to a Dismissed Defendant, Twitter denies them on that basis. Further, to the extent the remaining allegations in Paragraph 11 set forth legal

contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

12. To the extent the allegations in Paragraph 12 are construed to contain factual allegations addressed to it, Twitter denies them.

## FACTS

**A.   The Photographs and Registration with the U.S. Copyright Office**

13. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and therefore denies them. To the extent Paragraph 13 refers to records of the United States Copyright Office, those records speak for themselves.

14. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies them.

15. Twitter admits that a Verified Account exists on Twitter.com with the handle @genevievemorton, and that it appears to have been created in 2009. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15, and therefore denies them.

**B.   Twitter's Business Model and Platform**

16. Twitter admits that it operates the website Twitter.com and that it allows its users to post public Tweets and share Direct Messages on the Twitter platform, which are accessible through Twitter.com and its mobile application. To the extent the remaining allegations in Paragraph 16 are construed to contain factual allegations addressed to it, Twitter denies them.

17. Twitter admits that it uses data centers in various locations. Except as expressly admitted, Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 17 and therefore denies them.

18. Twitter admits that it is a publicly traded company on the New York Stock Exchange. Twitter further admits that the gross revenue of Twitter.com

1. exceeds $3.5 billion, and that revenue is derived from multiple streams. To the extent Paragraph 18 refers to publicly accessible records, those records speak for themselves.

19. Twitter admits that Twitter.com has over 330 million users and that its number of users has increased year to year since 2019. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19 and therefore denies them.

### C. Twitter Did Not Copy or Distribute the Allegedly Infringed Images Nor Did Twitter Create Derivative Works of Those Images

20. Twitter admits that the @city_tits account posted a Tweet on Twitter which, in part, forms the basis for this action. To the extent the allegations in Paragraph 20 are construed to contain additional factual allegations addressed to it, Twitter denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore denies them.

21. To the extent the allegations in Paragraph 21 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and therefore denies them.

22. Twitter admits that on July 23, 2020 it received a Notice and Takedown request submitted by Plaintiff's counsel through Twitter's DMCA reporting system for the Tweet with the following URL: https://twitter.com/city_tits/status/1273260487506120709. Twitter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23. Twitter admits that the @city_tits account posted a Tweet on Twitter which, in part, forms the basis for this action. To the extent the allegations in Paragraph 23 are construed to contain additional factual allegations addressed to it,

1  Twitter denies them. Twitter lacks knowledge or information sufficient to form a
2  belief about the truth of the remaining allegations in Paragraph 23, and therefore
3  denies them.

4      24.    Twitter admits that on September 10, 2020 it received a Notice and
5  Takedown request submitted by Plaintiff's counsel through Twitter's DMCA
6  reporting system for the Tweet with the following URL:
7  https://twitter.com/city_tits/status/1304069685680443394. Twitter lacks knowledge
8  or information sufficient to form a belief about the truth of the remaining allegations
9  in Paragraph 24, and therefore denies them.

10      25.    Twitter lacks knowledge or information sufficient to form a belief about
11  the truth of the allegations in Paragraph 25, and therefore denies them.

12      26.    To the extent the allegations in Paragraph 26 are construed to contain
13  factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks
14  knowledge or information sufficient to form a belief about the truth of the allegations
15  in Paragraph 26, and therefore denies them.

16      27.    To the extent the allegations in Paragraph 27 are construed to contain
17  factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks
18  knowledge or information sufficient to form a belief about the truth of the allegations
19  in Paragraph 27, and therefore denies them.

20      **D.**    **Twitter's Access to the Allegedly Infringed Images and the Saliency**
21            **Algorithm**

22      28.    Twitter admits that it has at times used a saliency algorithm. Except as
23  expressly admitted, Twitter denies the allegations in Paragraph 28.

24      29.    Twitter admits that the allegedly infringed images appeared in Tweets
25  posted by @city_tits. To the extent the remaining allegations in Paragraph 29 are
26  construed to contain factual allegations or legal contentions addressed to it, Twitter
27  denies them. To the extent the remaining allegations in Paragraph 29 are construed
28

to contain factual allegations or legal contentions addressed to the Dismissed Defendants, Twitter denies them on that basis.

30. Twitter denies the allegations in Paragraph 30.

31. Twitter denies the allegations in Paragraph 31.

**E. Twitter Removed the Allegedly Infringed Images After Receiving Notice**

32. Twitter admits that on July 23, 2020 it received a Notice and Takedown request submitted by Plaintiff's counsel through Twitter's DMCA reporting system for the Tweet with the following URL: https://twitter.com/city_tits/status/1273260487506120709. Twitter further admits that it immediately responded to the Notice and Takedown request, on July 23, 2021, through an automatically generated confirmation notice, which acknowledged receipt of the request and assigned it a DMCA Notice Number (166017783). Twitter admits that it removed the Tweet containing the allegedly infringed image on October 28, 2020. Except as expressly admitted, Twitter denies the allegations in Paragraph 32.

33. Twitter admits that on September 10, 2020 it received a Notice and Takedown request submitted by Plaintiff's counsel through Twitter's DMCA reporting system for the Tweet with the following URL: https://twitter.com/city_tits/status/1304069685680443394 ("Report 2"). Twitter further admits that it immediately responded to the Notice and Takedown request, on September 10, 2020, through an automatically generated confirmation notice, which acknowledged receipt of the request and assigned it a DMCA Notice number (0172275586).

34. Twitter admits that at least one of its users in the United States viewed the @city_tits Tweets containing the allegedly infringed images. Twitter further admits that the at-issue Tweets posted by @city_tits received 50 "likes" (for the Tweet with the URL https://twitter.com/city_tits/status/1273260487506120709) and

12 likes (for the Tweet with the URL https://twitter.com/city_tits/status/1304069685680443394). Twitter otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 34, and therefore denies them.

35. Twitter admits that it removed the Tweet containing the allegedly infringed image on October 19, 2020 and that it sent an email that same day confirming that the Tweet had been removed. Twitter further admits that it did not suspend the @city_tits account on October 19, 2020. Twitter otherwise denies the allegations contained in Paragraph 35.

36. Twitter admits that it removed the Tweet containing the allegedly infringed image on October 28, 2020, and that it did not suspend the @city_tits on that date.

37. To the extent the allegations in Paragraph 37 are addressed to it, Twitter states that the allegations in Paragraph 37 are so vague and ambiguous that Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the allegations on that basis. To the extent the remaining allegations in Paragraph 37 set forth legal contentions, Twitter lacks knowledge or information sufficient to form a belief about them to the extent a response is required, and therefore denies them.

38. Twitter admits that it has the right, as detailed in its Terms of Service, to remove content identified as infringing in a DMCA Notice and Takedown request. Twitter further admits that it retains withheld Tweets in its internal records. Except as expressly admitted, Twitter denies the allegations in Paragraph 38.

39. Twitter admits that it has the right, as detailed in its Terms of Service, to remove content identified as infringing in a DMCA Notice and Takedown request. Except as expressly admitted, Twitter denies the allegations in Paragraph 39.

40. Twitter admits that it has the right and ability to suspend user accounts as detailed in Twitter's Terms of Service. Twitter also admits that, as of October 19,

1  2021, the @city_tits account had not yet been suspended. Except as expressly
2  admitted, Twitter denies the remaining allegations in Paragraph 40.

3        41.    Twitter admits that it has the legal right and technical ability to suspend
4  user accounts as detailed in Twitter's Terms of Service.

5        42.    Twitter admits that it has posted increased earnings on an annual basis
6  since 2018. Except as expressly admitted, Twitter denies the allegations in Paragraph
7  42.

8        43.    To the extent Paragraph 43 refers to publicly accessible records, those
9  records speak for themselves. To the extent that the referenced data reflects figures
10 not solely attributable to Twitter, Twitter denies the allegations on that basis.

11       44.    Twitter admits that its earnings include the sale of advertising on its
12 platform. Except as otherwise admitted, Twitter denies the allegations in Paragraph
13 44.

14       45.    Twitter admits that it generates revenue, in part, from offering data
15 products and data licenses that allow Twitter's data partners to access, search and
16 analyze historical and real-time data on its platform. Except as expressly admitted,
17 Twitter denies the allegations in Paragraph 45.

18       46.    Twitter admits that it has a function called "Promoted-Only Tweets"
19 and that Twitter users are able to "Retweet" Tweets posted by certain other users.
20 Twitter states that the remaining allegations in Paragraph 46 are so vague and
21 ambiguous that Twitter lacks knowledge or information sufficient to form a belief
22 about the truth of the allegations, and therefore denies the allegations on that basis.
23 Except as expressly admitted, Twitter denies the allegations in Paragraph 46.

24       47.    Twitter admits that a January 19, 2017 Twitter blog post stated that
25 "Twitter's worldwide network directly interconnects with over 3,000 unique
26 networks in many datacenters worldwide."

27
28

# CAUSES OF ACTION

**I.     COPYRIGHT INFRINGEMENT / 17 U.S. Code Section 106 (Against Doe Defendant #2)**

48.     Twitter reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

49.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and therefore denies them.

50.     Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and therefore denies them.

51.     To the extent the allegations in Paragraph 51 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and therefore denies them.

52.     To the extent the allegations in Paragraph 52 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 52, and therefore denies them.

53.     To the extent the allegations in Paragraph 53 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 53, and therefore denies them.

54.     To the extent the allegations in Paragraph 54 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 54, and therefore denies them.

55.     To the extent the allegations in Paragraph 55 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks

knowledge or information sufficient to form a belief about the allegations in Paragraph 55, and therefore denies them.

56. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and therefore denies them.

57. To the extent the allegations in Paragraph 57 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 57, and therefore denies them.

58. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and therefore denies them.

59. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and therefore denies them.

60. To the extent the allegations in Paragraph 60 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 60, and therefore denies them.

61. To the extent the allegations in Paragraph 61 are construed to contain factual allegations addressed to it, Twitter denies them. Twitter otherwise lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 61, and therefore denies them.

**II.  COPYRIGHT INFRINGEMENT / 17 U.S. Code Section 106 (Against Twitter, Inc.)**

62. Twitter reiterates its responses to the preceding paragraphs of this Answer to the Complaint as if fully set forth herein.

63. Twitter admits that it has access to the images that Twitter users include in Tweets posted on Twitter's platform. Except as expressly admitted, Twitter denies the allegations in Paragraph 63.

64. Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64, and therefore denies them.

65. Twitter admits that it has at times used a saliency algorithm. Except as expressly admitted, Twitter denies the allegations in Paragraph 65. Further, to the extent the allegations in Paragraph 65 pertain to a Dismissed Defendant, Twitter denies them on that basis.

66. Twitter states that the allegations in Paragraph 66 are so vague and ambiguous that Twitter lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies the allegations on that basis.

67. Twitter denies the allegations in Paragraph 67.

68. Twitter denies the allegations in Paragraph 68.

69. Twitter admits it earns a portion of its revenue through advertising. Except as expressly admitted, Twitter denies the allegations in Paragraph 69.

## III. CONTRIBUTORY AND VICARIOUS INFRINGEMENT (against Twitter, Inc.)

70. Twitter reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

71. To the extent the allegations in Paragraph 71 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the allegations in Paragraph 71 are construed to contain factual allegations addressed to a Dismissed Defendant, Twitter denies them on that basis.

72. Twitter denies the allegations in Paragraph 72.

73. Twitter denies the allegations in Paragraph 73.

74. To the extent the allegations in Paragraph 74 are construed to contain factual allegations addressed to it, Twitter denies them. Further, to the extent the allegations in Paragraph 74 are construed to contain factual allegations addressed to a Dismissed Defendant, Twitter denies them on that basis.

75. Twitter admits that it has the right and ability to suspend user accounts as detailed in Twitter's Terms of Service. Except as expressly admitted, Twitter denies the allegations in Paragraph 75.

76. Twitter admits that on September 10, 2020 it received a Notice and Takedown request submitted by Plaintiff's counsel, and that it removed the Tweet containing the allegedly infringed image on October 19, 2020. Except as expressly admitted, Twitter otherwise denies the allegations in Paragraph 76.

77. Twitter admits that Twitter users are not required to maintain a Twitter account in order to view certain content posted on the Twitter service. Except as expressly admitted, Twitter denies the allegations in Paragraph 77.

78. Twitter denies the allegations in Paragraph 78.

79. To the extent the allegations in Paragraph 79 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the allegations in Paragraph 79 are construed to contain factual allegations addressed to a Dismissed Defendant, Twitter denies them on that basis.

80. To the extent the allegations in Paragraph 80 are construed to contain factual allegations addressed to it, Twitter denies them. To the extent the allegations in Paragraph 80 are construed to contain factual allegations addressed to a Dismissed Defendant, Twitter denies them on that basis.

**IV.  RIGHT OF PUBLICITY (against Doe Defendant 1 @city_tits)**

81. Twitter reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

82. To the extent that the allegations in Paragraph 82 are construed as containing factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has expressly limited the Fourth Cause of Action to the Doe Defendant. To the extent a response is required, Twitter denies the allegations in Paragraph 82.

83. To the extent that the allegations in Paragraph 83 are construed as containing factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has expressly limited the Fourth Cause of Action to the Doe Defendant. To the extent a response is required, Twitter denies the allegations in Paragraph 83.

84. To the extent that the allegations in Paragraph 84 are construed as containing factual allegations or legal contentions addressed to Twitter, no response is required, as this Court has expressly limited the Fourth Cause of Action to the Doe Defendant. To the extent a response is required, Twitter denies the allegations in Paragraph 84.

**V.   FALSE LIGHT (against Twitter, Inc., and its Subsidiary Defendants)**

85. Twitter reiterates its responses to the preceding paragraphs of this Answer as if fully set forth herein.

86. No response is required to Paragraph 86 because the Court has dismissed Plaintiff's Fifth Cause of Action, and on that basis Twitter denies the allegations.

87. No response is required to Paragraph 87 because the Court has dismissed Plaintiff's Fifth Cause of Action, and on that basis Twitter denies the allegations.

**PRAYER FOR RELIEF**

Twitter admits that Plaintiff prays for relief in the Complaint, but Twitter denies that Plaintiff should recover any of the relief requested. Twitter further denies the remaining allegations in Plaintiff's prayer for relief insofar as the allegations are directed to Twitter.

**AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Twitter sets forth the following affirmative and other defenses, and does so on information and belief as to the actions of others. Twitter does not concede that it bears the burden of

proof or burden of persuasion on any of these defenses. Twitter reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

## FIRST DEFENSE
## (DMCA Safe Harbor)

Plaintiff's claims are barred in whole or in part by the DMCA safe harbors. *See* 17 U.S.C. § 512 et seq. Twitter operates an online service that allows users to upload content of their choosing, which is stored on Twitter's systems. Twitter did not direct that the Tweets at issue in this action be uploaded to its service, or play any role in the user's decision to include the photographs at issue in the Tweets. Those actions were done solely at the direction of a third-party user. Plaintiff's copyright infringement claims against Twitter arise "by reason of the storage at the direction of a user" of those photographs. 17 U.S.C. § 512(c).

Twitter has also adopted and reasonably implemented, as well as informed users of, its policy that provides for the termination in appropriate circumstances of users who are repeat violators of Twitter's copyright policy. And Twitter accommodates and does not interfere with standard technical measures. At all relevant times, Twitter has designated an agent to receive notifications of claimed infringement under the DMCA, both by providing the required information about its designated agent to the Copyright Office and by including that information on its website in a location accessible to the public. 17 U.S.C. § 512(c)(2). Twitter also responds expeditiously to valid notices of claimed infringement by removing and/or disabling access to allegedly infringing content and disabling users' ability to upload allegedly infringing content. *Id*. § 512(c)(1)(C). Twitter did not otherwise have actual or red-flag knowledge of the infringing content at issue (*id*. § 512(c)(1)(A)), nor did it "receive a financial benefit directly attributable to the infringing activity" where it had "the right and ability to control such activity" (*id*. § 512(c)(1)(B)).

## SECOND DEFENSE

### (License)

Plaintiff's claims are barred, in whole or in part, to the extent that licenses, express or implied, were granted or authorized to be granted by the owners of the asserted copyrights, including licenses that expressly or impliedly permit the conduct alleged to be infringing by Plaintiff.

## THIRD DEFENSE

### (Failure to State a Claim)

The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted. The Complaint lacks legally sufficient allegations that Twitter engaged in any volitional conduct with regard to Plaintiff's works, or that Twitter had specific knowledge of the alleged infringement of the photographs by third parties. This Court has already dismissed all of Plaintiffs' non-copyright causes of action under Rule 12(b)(6).

## FOUTH DEFENSE

### (Innocent Intent)

Plaintiff's claims are barred, in whole or in part, because Twitter acted with innocent intent, and any alleged infringement was done by the acts of third parties.

## FIFTH DEFENSE

### (Alleged Infringement *De Minimis*)

Plaintiff's claims are barred, in whole or in part, because any alleged use or copying of the alleged copyrighted material is *de minimis*.

## SIXTH DEFENSE

### (Substantial Non-Infringing Use)

Plaintiff's claims are barred, in whole or in part, based on the doctrine of substantial non-infringing use, although Twitter submits Plaintiff bears the burden of proving the doctrine's inapplicability.

## SEVENTH DEFENSE

### (No Valid Copyright)

Plaintiff's claims are barred, in whole or in part, because the alleged copyrights at issue allegedly held by Plaintiff are not valid and enforceable.

## EIGHTH DEFENSE

### (Inaccurate Registration Information)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's registrations for the Photographs at issue are void and unenforceable as a result of Plaintiff submitting knowingly inaccurate information to the Copyright Office in her registration applications, which would have caused the Copyright Office to reject those applications and/or decline to register the Photographs at issue in this lawsuit. *See* 17 U.S.C. § 411(b)(1).

## NINTH DEFENSE

### (No Damages, Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to state a claim for damages, and failed to mitigate its alleged damages; and the alleged damages, if any, which Plaintiff has suffered were caused in whole or in part by the acts or omissions of Plaintiff or its predecessors, agents, and representatives.

## TENTH DEFENSE

### (Conduct of Third Parties)

Plaintiff's claims are barred, in whole or in part, because the complained-of actions—to the extent they actually occurred—were the result of conduct by third parties. In addition, those third parties and Twitter are not liable for those third parties' alleged acts to the extent the third parties are individuals or entities that are not subject to the laws of the United States. The Court has no jurisdiction over them or their acts; their alleged acts are not infringing any copyrights in the United States; their alleged acts are authorized, licensed, subject to a settlement agreement, excused, or permitted; their acts are fair use; and/or liability for their acts is barred,

for example, by laches. Twitter incorporates by reference its affirmative defenses, as applicable, to the alleged acts of third parties.

## ELEVENTH DEFENSE

### (Fair Use)

Plaintiff's claims are barred, in whole or in part, because any use or copyright of the allegedly copyrighted work constitutes fair use.

## TWELTH DEFENSE

### (Acquiescence, Ratification and/or Consent)

Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, ratification, and/or consent.

## THIRTEENTH DEFENSE

### (Waiver/Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver or estoppel. Twitter has relied on representations from @city_tits or its representatives or agents about its authorization to post and Twitter's authorization to host all or portions of the copyrighted works at issue.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests the following relief:

1. A judgment in favor of Twitter, denying Plaintiff all relief requested in her Complaint in this action and dismissing Plaintiff's remaining claim with prejudice;

2. That Twitter be awarded its costs of suit, including reasonable attorney's fees; and

3. That the Court award Twitter such other and further relief as the Court deems just and proper.

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Twitter demands a trial by jury on all issues so triable. |

Respectfully submitted,

Dated: January 18, 2022   WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Victor Jih*
       Victor Jih

Attorneys for Defendant Twitter, Inc.