BRIAN M. WILLEN (*pro hac vice*)
   bwillen@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the America, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

VICTOR JIH, State Bar No. 186515
   vjih@wsgr.com
EVE A. ZELINGER, State Bar No. 328862
   ezelinger@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GENEVIEVE MORTON,<br><br>      Plaintiff,<br><br>v.<br><br>TWITTER, INC., et. al,<br><br>      Defendants. | Case No. 2:21-cv-07145-GW-JEMx<br>c/w 2:20-cv-10434-GW-JEMx<br><br>**TWITTER'S STATEMENT IN OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASES** |

1       Pursuant to Local Rule 83-1.3.2, Twitter submits the following statement in Opposition to Plaintiff's Notice (ECF 100) seeking to relate *In Re: DMCA § 512(h) Subpoena to Twitter, Inc.* (Case No. 2:22-mc-0011) with *Morton v. Twitter* (Case No. 2:21-cv-07145).

*First*, the supposedly "related case" (Case No. 2:22-mc-0011) is not a "case" at all. It is a miscellaneous action—filed by Plaintiff's counsel on January 19, 2022—seeking the issuance of a DMCA subpoena (under 17 U.S.C. § 512(h)) to identify a Twitter user (@0k_Show), who is not related to the claims or alleged infringements in this case. Under the DMCA, this subpoena request is not made to a judge—it is made to the Clerk of the Court. *Id.* § 512(h))(1)-(2). And once the Clerk issues the subpoena, which it is directed to do if "the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed" (*id.* § 512(h)(4)), there is nothing more for the Court to do. It simply does not make sense to use Local Rule 83-1.3.2 to "relate" the present lawsuit to this miscellaneous action making a ministerial request to the Clerk of the Court. Indeed, it is not clear what doing so would even mean or entail.

*Second*, even if Plaintiff's Notice were procedurally proper, Plaintiff fails to meet the requirements of Local Rule 83-1.3.1, which warrants a Notice of Related Cases where two or more civil cases "(a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges." Local Rule 83-1.3.1. Here, the Twitter user (@0k_Show) who Plaintiff's counsel seeks to identify via the DMCA subpoena is neither a party to this case nor the alleged infringer who posted the Tweets at issue here. Indeed, the only purported connection between that account and this action is the improper *ex parte* TRO request that Plaintiff filed in October

2021 (ECF No. 67)—which this Court summarily denied (ECF No. 70 at 3), and Plaintiff never made any effort to revive.

Should the Clerk issue a DMCA subpoena for information identifying the user account (@0k_Show) and should Plaintiff's counsel serve it on Twitter, Twitter will respond appropriately. But that subpoena has no connection to this case, and there is neither any basis nor any purpose for the Court to treat the two matters as "related."

Dated:  January 24, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  /s/Victor Jih
Victor Jih

*Attorneys for Defendant Twitter, Inc.*