1  BRIAN M. WILLEN (*pro hac vice*)
     bwillen@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  1301 Avenue of the America, 40th Floor
   New York, NY 10019-6022
4  Telephone: (212) 999-5800
   Facsimile: (212) 999-5899
5

6  VICTOR JIH, State Bar No. 186515
     vjih@wsgr.com
7  EVE A. ZELINGER, State Bar No. 328862
     ezelinger@wsgr.com
8  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
9  633 West Fifth Street, Suite 1550
   Los Angeles, CA 90071-2027
10 Telephone: (323) 210-2900
   Facsimile: (866) 974-7329
11

12 *Attorneys for Defendant Twitter, Inc.*
13

14             UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16                  WESTERN DIVISION

17

18 GENEVIEVE MORTON,                  )   Case No. 2:20-cv-10434-GW-JEMx
                                      )   c/w 2:21-cv-07145-GW-JEMx
19          Plaintiff,                )
                                      )
20                                    )   **TWITTER'S STATEMENT IN
       v.                             )   OPPOSITION TO PLAINTIFF'S
21                                    )   NOTICE OF RELATED CASES**
                                      )
22 TWITTER, INC., et. al,             )
                                      )
23          Defendants.               )
                                      )
24                                    )
                                      )
25 _____   )

26

27

28

1    Pursuant to Local Rule 83-1.3.3, Twitter submits the following statement in

2  Opposition to Plaintiff's procedurally improper January 24, 2022 Notice of Related

3  Cases (ECF No. 102, the "Notice"), which seeks to relate *In Re: DMCA § 512(h)*

4  *Subpoena to Twitter, Inc.* (Case No. 2:22-mc-0014) with *Morton v. Twitter* (Case

5  No. 2:20-cv-10434 consolidated with Case No. 2:21-cv-07145).

6    *First*, the supposedly "related case" (Case No. 2:22-mc-0014) is not a "case" at

7  all. It is a miscellaneous action—filed by Plaintiff's counsel—seeking the issuance of

8  a DMCA subpoena (under 17 U.S.C. § 512(h)) to identify "over eighty" Twitter users

9  alleged to have posted infringing content on Twitter's service. This is Plaintiff's

10  second procedurally improper attempt to relate such a "case" to this one.[1] Both

11  attempts ignore the plain language of Local Rule 83-1.3, which requires a party to file

12  a "Notice of Related Cases whenever two or more *civil cases* filed in this District"—

13  or when "a civil forfeiture case and a criminal case"—meet certain criteria. *See* L.R-

14  83-1.3.1; L.R-83-1.3.2. Plaintiff's subpoena request is not a "civil case," and thus

15  cannot be related to this one under the Local Rules. Indeed, as explained in Twitter's

16  Opposition to Plaintiff's Prior Notice of Related Cases (ECF No. 101), under the

17  DMCA, a subpoena request is not made to a judge—it is made to the Clerk of the

18  Court (*id.* § 512(h))(1)-(2)), who is directed to issue it if "the notification filed satisfies

19  the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and

20  the accompanying declaration is properly executed" (*id.* § 512(h)(4)). It is improper

---

22  [1] Plaintiff filed an earlier Notice of Related Cases on January 21, 2021 (ECF No. 100).

23  On January 24, 2021, Twitter filed its Opposition to that notice pursuant to Local Rule

24  83-1.3.3 (ECF No. 101). Although Local Rule 83-1.3 does not permit a party to file a

25  reply brief in support of a Notice of Related Case (nor does Local Rule 7-10, which

26  permits replies in support of motions), Plaintiff filed an unauthorized Reply on

27  January 25, 2021 (ECF No. 103).

28

1   and simply does not make sense to use Local Rule 83-1.3 to "relate" the present

2   lawsuit to this miscellaneous action making a ministerial request to the Clerk of the

3   Court.

4        *Second*, even if Plaintiff's Notice was procedurally proper, Plaintiff fails to

5   meet the requirements of Local Rule 83-1.3.1, which warrants a notice of related cases

6   where two or more civil cases "(a) arise from the same or a closely related transaction,

7   happening, or event; (b) call for determination of the same or substantially related or

8   similar questions of law and fact; or (c) for other reasons would entail substantial

9   duplication of labor if heard by different judges." Local Rule 83-1.3.1. Here, the "over

10   eighty" allegedly infringing Twitter users that Plaintiff seeks to identify via a DMCA

11   subpoena are neither parties to this case nor the posters of the Tweets at issue in this

12   case.

13        Should the Clerk issue a DMCA subpoena for information identifying the user

14   accounts who posted the Tweets linked in Plaintiff's Notice, Twitter will respond

15   appropriately (including with any objections). But Plaintiff's subpoena is not a "civil

16   case," has no connection to this case, and there is neither any basis nor any purpose

17   for the Court to treat the two matters as "related."

18
     Dated:  January 28, 2022              WILSON SONSINI GOODRICH & ROSATI
19                                          Professional Corporation

20

21   By:          */s/Victor Jih*
                        Victor Jih

22
                                            *Attorneys for Defendant Twitter, Inc.*
23

24

25

26

27

28