1
2
3
4

JENNIFER HOLLIDAY (SBN 261343)
    JLHOLLIDAY@PROTON.ME
1901 Ave. of the Stars, 2nd Floor
Los Angeles, California 90067
dir. (805) 622-0225

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

GENEVIEVE MORTON, an individual,

        Plaintiff

   v.

TWITTER, INC., BIGTITS.CITY; et. al.

        Defendants.

2:21-CV-07145-GW-KSx

**FIRST AMENDED COMPLAINT**

**1. COPYRIGHT INFRINGEMENT**

**2. RIGHT OF PUBLICITY, CAL. CIV. CODE § 3344**

**3. APPROPRIATION**

**DEMAND FOR JURY TRIAL**

19

20

21

22

23

PLAINTIFF GENEVIEVE MORTON ("Morton" or "Plaintiff"), by and through her attorney of record, Jennifer Holliday, submits this First Amended Complaint and alleges against Defendant BigTits.City, and its agent, Doe Defendant 1 (collectively "Defendants"), upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

24

#### I.    Jurisdiction and Venue

25

26

27

28

1. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a claim for copyright infringement arising under the Copyright Act for the United States, 17 U.S.C.

1   § 101, et. seq., and the Court has jurisdiction over the remaining causes of

2   action under 28 U.S.C. §1367.

3   2.  This Court has personal jurisdiction over BigTits.city and its agent, DOE

4   DEFENDANT 1, because BigTits.city is a web-based company with no

5   physical location, and through its agent, entered into a contract with Twitter

6   in which it expressly consented to jurisdiction in the forum and expressly

7   waived any objection to personal jurisdiction in the forum.  The claims

8   alleged in this Complaint arise out of commercial advertisements on

9   Twitter's platform and purposeful displays and distribution of unauthorized

10  copies of copyrighted works featuring Plaintiff's likeness in the State of

11  California and the Central District of California. Further, this Court has

12  jurisdiction over Defendant by reason of the fact that among other things: (a)

13  BigTits.city operates a website accessible in the County of Los Angeles; (b)

14  BigTits.city's business purposely targets copyright holders and individuals,

15  like Plaintiff, with valuable property interests in the County of Los Angeles;

16  (3) Defendant BigTits.city is personally subject to jurisdiction of this Court

17  pursuant to the California Long-Arm statute, California Code of Civil

18  Procedure Section 413.10 and Federal Rule of Civil Procedure 4(e); and (4)

19  BigTits.city's agent formed a binding contract with Twitter, Inc. through its

20  Terms of Service and Developer Agreement and expressly consented to

21  jurisdiction in California.

22  3.  Venue is appropriate in this judicial district pursuant to 28 U.S. Code Section

23  1391(b)(3) because the harm arose when Defendants uploaded images and

24  text into Tweets and advertisements on Twitter's platform and servers

25  located in this judicial district.

26                          **II.   Parties**

27  4.  Plaintiff Genevieve Morton is an individual, a citizen of South Africa and a

28  Permanent Resident of the United States currently residing in California.

2

1    Ms. Morton is the registered owner of the copyrights in this action whether

2    by authorship as work-for-hire or by assignment of all rights by professional

3    photographer Derek Riker.  Plaintiff is an internationallyrecognizable

4    professional model whose name, image and likeness ("The Morton Property

5    Rights") have substantial value, and Morton's business partially involves

6    creating, commissioning and selling and/or licensing copyrighted

7    photographs. Ms. Morton has maintained a Verified Account on Twitter.com

8    since 2009 under the username @genevievemorton and, at all relevant times,

9    had a following of over 83,000 users on Twitter.com and over 3.5 million

10   followers across other social media platforms.  Plaintiff has appeared in

11   commercial advertisements for internationally recognizable, family-friendly

12   brands.  Plaintiff achieved worldwide fame for her six consecutive

13   appearances in the Sports Illustrated Swimsuit Issue.

14   5. Plaintiff is informed and believes that Twitter defines itself in its Developer

15      Agreement as Twitter, Inc., a corporation headquartered in San Francisco,

16      California and Twitter International Unlimited Company, a company in

17      Ireland.  Twitter offers both a social media platform (Twitter.com) and a

18      product: the Twitter API, that "enables programming access to Twitter in

19      unique and advanced ways" through "month-to-month contracts and scaled

20      tiers of access." Access to Twitter's API requires an application and approval

21      by Twitter.

22   6. Plaintiff is informed and believes and thereupon alleges that Defendant

23      BigTits.City is a web-based company that has no physical address and lists

24      no Designated Agent with the Copyright Office Directory. BigTits.City

25      operates at IP Address 172.64.34.200, a server located within the United

26      States. BigTits.City is registered through NameCheap, Inc. a company

27      located in the United States, and generates revenue through advertising.

28   7. Plaintiff is informed and believes Defendants indemnified Twitter for its own

                                            3

1      misconduct pursuant to the Developer Agreement to which it was a party.

2      **FACTS**

3    8.   Plaintiff is informed and believes, and thereon alleges, that BigTits.City's

4      agent, Doe Defendant 1, created an account on Twitter.com numbered

5      843403883334586368 in March 2017 from IP address 188.234.30.139

6      through Twitter's developer platform program with OAuth 1 consumer key

7      268278 and username @city_tits and used the account for the primary

8      purpose of advertising links to Defendant BigTits.City, a website that

9      features unauthorized copies of copyrighted photographs, including

10      Plaintiff's copyrighted photographs, and unauthorized uses of The Morton

11      Property Rights. The @city_tits Twitter account openly and notoriously

12      claimed, at all relevant times, it was the "official Twitter account of the

13      BigTits.City website."  The BigTits.City website features advertising.

14    9.   Plaintiff is informed and believes, and on that basis, alleges that Defendants

15      deliberately obfuscated identity and location information by falsely stating to

16      a domain registrar that it maintained an office and telephone number in

17      Iceland.

18    10. Plaintiff is the owner of all rights to photographs Registered with Copyright

19      Registration Number VA-2-211-724 and entitled "Love on the Rocks 15"

20      ("Infringed Image 1"), and another with Copyright Registration Number

21      VA0002210005 and entitled, "Artists Collection 16" ("Infringed Image 2"),

22      and another with Copyright Registration Number VA0002210005 and

23      entitled, "Private Island 10" ("Infringed Image 3") (collectively "Infringed

24      Images").

25    a.   **Defendants copied, displayed, and distributed the Infringed Images, and**

26      **used The Morton Property Rights in connection with advertisements**

27      **without license or permission from Morton.**

28    11. On or about June 18, 2020, a substantially similar copy of Plaintiff's

Infringed Image 1 featuring her image and likeness appeared without Morton's authorization in a Tweet ("Subject Tweet 1") on the URL https://twitter.com/city_tits/status/1273260487506120709 with the following text: **"Genevieve Morton @genevievemorton #Girlswithbigtits #genevievemorton"** and a hypertext link to BigTits.City where additional unauthorized copies of Plaintiff's copyrighted works and The Morton Property Rights appear.

12. Morton submitted a DMCA-compliant Notice and Takedown Report (Report #1) regarding Subject Tweet 1 to Twitter on July 23, 2020 through Twitter.com's DMCA reporting system.

13. Plaintiff is informed and believes that Twitter did not respond expeditiously to Plaintiff's Report #1 due to a cyberattack on Twitter that occurred in July 2020.

14. On or about September 10, 2020, a substantially similar copy of Plaintiff's Infringed Image 2 appeared without Ms. Morton's authorization on a Tweet ("Subject Tweet 2") on the @city_tits Twitter feed at the URL https://twitter.com/city_tits/status/1304069685680443394 with the following text: **"Genevieve Morton @genevievemorton #Girlswithbigtits #genevievemorton"** and a link to BigTits.City where additional infringed works and works featuring unauthorized uses of the Morton Property Rights appeared.

15. Subject Tweet 1 and Subject Tweet 2 are collectively referred to herein as "Subject Tweets."

16. On September 10, 2020, Morton submitted a DMCA-compliant Notice and Takedown Report (Report #2) regarding Subject Tweet 2 to Twitter through Twitter.com's DMCA reporting system.  Twitter assigned number 0172275586 to the report.

17. Plaintiff is informed and believes Twitter did not receive a DMCA

5

Counternotice from Bigtits.City in response to her DMCA Notices because she was never notified of any Counternotice.

18. Twitter did not remove the Infringing Image 2 in Subject Tweet 2 until October 19, 2020, and it did not delete Subject Tweet 2 or suspend the @city_tits account at that time.

19. Twitter did not remove Infringing Image 1 in Subject Tweet 1 until October 28, 2020, and it did not delete Subject Tweet 1 or suspend the @city_tits account at that time.

20. Subject Tweet 1 received at least 55 "likes," and Subject Tweet 2 received at least 12 "likes," indicating that the Infringed Images were actually displayed to at least 67 unique users.

### UNAUTHORIZED USAGE ON THE BIGTITS.CITY WEBSITE

21. Subject Tweet 1 and Subject Tweet 2 included hyperlinks directing users to the BigTits.City website.

22. Without authorization, Defendants used The Morton Property Rights and copied, altered, displayed, and distributed a substantially similar copy of Infringed Image 1 on https://bigtits.city/pics/36/22453.jpg from IP Address 172.67.162.144 located in the United States.

23. Without authorization, Defendants used the Morton Property Rights and copied, altered, displayed, and distributed substantially similar copy of Infringed Image 2 on https://bigtits.city/pics/34/22452.jpg from IP Address 172.67.162.144 located in the United States.

24. Without authorization, Defendants used the Morton Property Rights and copied, altered, displayed, and distributed a substantially similar copy of Infringed Image 3 on https://bigtits.city/pics/6b/22454.jpg from IP Address 172.67.162.144 located in the United States.

25. Defendants used The Morton Property Rights without authorization and copied, altered, displayed and distributed Infringed Images alongside

6

additional professional photographic images, unowned by Plaintiff, featuring Plaintiff's likeness as well as additional pornographic photographs that did not feature Plaintiff's likeness, falsely implying Plaintiff appeared in said photographs.

26. The BigTits.City website features the aforementioned unauthorized usage of The Morton Property Rights and includes the text "Copyright 2022 BigTits.city."  At no time did Defendants have any license to copy, display, alter, or distribute the Infringed Images, use the Morton Property Rights claim any rights to the use of photographs featuring Plaintiff's likeness.

27. Defendants do not include any information on BigTits.city on how to contact the site to report copyright infringement or abuse.

**TWITTER TERMS OF SERVICE VIOLATIONS / NO LICENSE**

28. Plaintiff is informed and believes Twitter offered access to its services to user @city_tits through Twitter's Terms of Service and through its Developer Agreement, and the terms of both agreements are incorporated by reference.

29. Twitter's Developer Agreement, effective March 10, 2020, specifically defines Twitter as: 'Twitter' means Twitter, Inc., with an office located at 1355 Market Street, Suite 900, San Francisco, CA 91403, USA.  If you enter into this Agreement or an Order outside of the United States, Canada, or Latin America, Twitter International Company with its registered offices at One Cumberland Place, Fenian Street, Dublin 2, D02 AX07, Ireland (TIC) is the contracting entity.

30. The Developer Agreement expressly prohibits the use of Twitter to violate intellectual property rights, including copyright and trademark.  The Developer Agreement contains Commercial Use Restrictions prohibiting the use of the Twitter API by or on behalf of a business or part of a product or service that is monetized "including but not limited to website advertising…"

7

1   31. Twitter offered use of the Twitter API on different tiers, some of which

2       require payment to Twitter.  Plaintiff is informed and believes Defendants

3       applied for and were issued a Developer Account and accessed the

4       Twitter.com platform directly through the Twitter API.

5   32. Twitter's Terms of Service specifically state: *"By submitting, posting or*

6       *displaying Content on or through the Services, you grant us a worldwide,*

7       *non-exclusive, royalty-free license (with the right to sublicense) to use, copy,*

8       *reproduce, process, adapt, modify, publish, transmit, display and distribute*

9       *such Content in any and all media or distribution methods now known or*

10      *later developed (for clarity, these rights include, for example, curating,*

11      *transforming, and translating).  This license authorizes us to make your*

12      *Content available to the rest of the world and to let others do the same.  You*

13      *agree that this license includes the right for Twitter to provide, promote, and*

14      *improve the Services and to make Content submitted to or through the*

15      *Services available to other companies, organizations or individuals for the*

16      *syndication, broadcast, distribution, Retweet, promotion or publication of*

17      *such Content on other media and services, subject to our terms and*

18      *conditions for such Content use.  Such additional uses by Twitter, or other*

19      *companies, organizations or individuals, is made with no compensation paid*

20      *to you with respect to the Content that you submit, post, transmit or*

21      *otherwise make available through the Service as the use of the Services by*

22      *you is hereby agreed as being sufficient compensation for the Content and*

23      *grant of rights herein."*[1]

24  33. Plaintiff has never granted Defendants a license to use the Infringed Images

25      or the Morton Property Rights.  Therefore Defendants had no authorization to

26      grant a license or sublicense to Twitter, Inc. to copy, display, distribute or use

27      in any manner the Infringed Images.

28

---

[1] Twitter's Terms of Service are available at https://twitter.com/en/tos (visited Oct. 12, 2022)

8

34. Plaintiff is informed and believes that Defendants had access to her copyrighted photographs from additional, unauthorized displays of her works on a website, thefappeningblog.com. Plaintiff is informed and believes Defendants had actual knowledge when they copied the Infringed Images from the website that the copies were unauthorized and had been willfully infringed.

35. Thefappeningblog.com claims to feature photographs of celebrities that have been "leaked" from "iCloud hacks." Thefappeningblog.com links directly to "BannedSexTapes.com" that purports to be "The #1 Celebrity Hardcore Mega Site on the Web," featuring over 120,000 photographs and over 18,500 hours of video content.  BannedSexTapes.com sells a membership at three tiers for $1, $35.94, or $71.94. Charges for the Membership to Banned Sex Tapes recurs every thirty days at $35.94 until cancelled.  Plaintiff is informed and believes the content on BannedSexTapes.com was obtained in violation of the Computer Fraud and Abuse Act, and that the Morton Property Rights and Infringed Images were used by Defendants as a bait-and-switch fraudulent advertisement for this content.

## **TWITTER AND THE DEVELOPER ACCOUNT**

36. Twitter had the right and ability to remove the Subject Tweets containing the Infringed Images from all Twitter platforms, but Twitter did not remove the Subject Tweets when it removed the Infringed Images or suspend the @city_tits account, leaving the hyperlink to BigTits.City accessible alongside The Morton Property Rights until Plaintiff filed a lawsuit.

37. Plaintiff is informed and believes Twitter failed to supervise, hire, or retain one or more third-party vendor(s) who could competently respond to DMCA notice and takedown requests and/or reported Tweets or enforce the Developer Agreement.

38. Twitter claims its "worldwide network directly interconnects with over 3,000

9

1    unique networks in many datacenters worldwide."

2                    **CAUSES OF ACTION**

3                 **COPYRIGHT INFRINGEMENT**

4    39. Plaintiff realleges Paragraphs 1-38 and further alleges:

5    40. Plaintiff is the creator and registered copyright owner the Infringed Images.

6        In the event that there is a mistake in the Certificates of Registration, Ms.

7        Morton claims ownership of all beneficial rights to Infringed Images by

8        assignment from photographer Derek Riker.

9    41. The Infringed Images are copyrightable subject matter under 17 U.S. Code

10       Section 102(a)(5), and Plaintiff is the registered copyright owner of Infringed

11       Images.

12   42. A substantially similar copy of Infringed Image 1 featuring Plaintiff's image

13       and likeness appeared on Twitter and on BigTits.City without Plaintiff's

14       authorization as alleged herein.

15   43. Plaintiff is informed and believes Defendants had access to unauthorized

16       copies of the Infringed Images from unauthorized displays of the Infringed

17       Images on TheFappeningblog.com.

18   44. Defendants reproduced Plaintiff's Infringed Images featuring her image and

19       likeness through technological means without Plaintiff's authorization in

20       violation of Plaintiff's exclusive right to reproduce the Infringed Images.

21   45. Defendants embedded Plaintiff's copyrighted photograph on Twitter through

22       the Twitter API without authorization in violation of Plaintiff's exclusive

23       right to reproduce the Infringed Images.

24   46. Defendants displayed the Infringed Images on Twitter in violation of

25       Plaintiff's exclusive right to display the Infringed Images.

26   47. Defendants distributed the Infringed Images on Twitter in violation of

27       Plaintiff's exclusive right to distribute the Infringed Images.

28   48. Defendants created the Subject Tweets on Twitter using the Infringed

                                        10

1    Images in violation of Plaintiff's exclusive right to create derivative works.

2    49. Defendants directly profited off the copyright infringement by featuring

3    advertising on BigTits.City and driving traffic to thefappeningblog.com and

4    BannedSexTapes.com which sold memberships to unauthorized content.

5    **RIGHT OF PUBLICITY**

6    50. Plaintiff realleges paragraphs 1-49 and further alleges:

7    51.  Defendants knowingly and willfully used Plaintiff's commercially valuable

8    name, image, likeness, identity and Twitter verified account username

9    without her knowledge, consent, or authorization in the Subject Tweets for

10   the commercial purposes of promoting its Twitter account and driving user

11   traffic to BigTits.City featuring additional unauthorized uses of the Morton

12   Property Rights in violation of California Civil Code § 3344 and of the

13   Twitter Developer Agreement.

14   52. Specifically, Defendants used a Developer Account to post Tweets accessible

15   to the worldwide public that contained unauthorized commercial uses of The

16   Morton Property Rights for the purpose of attracting Twitter users, driving

17   valuable traffic and capturing valuable user data, promoting its website, and

18   linking to third-party websites where additional unauthorized uses of The

19   Morton Property Rights appeared alongside advertisements.

20   53.  Ms. Morton suffered emotional distress from the unauthorized use of the

21   Morton Property Rights as expressed by headaches, nightmares, and physical

22   manifestations of anxiety and depression from being personally and

23   professionally falsely associated with advertising a pornography website.

24   54. Ms. Morton is informed and believes she lost valuable professional

25   opportunities as a result of the unauthorized use of The Morton Property

26   Rights by Defendants.

27   **APPROPRIATION OF NAME AND LIKENESS**

28   55. Plaintiff realleges paragraphs 1-54 and further alleges:

11

MORTON V. TWITTER, INC. ET. AL.
FIRST AMENDED COMPLAINT

56. Defendants used Plaintiff Genevieve Morton's name, image, likeness and identity without her consent in the Subject Tweets and on BigTits.City as alleged herein.

57. Defendants gained a commercial benefit by using Plaintiff's name, image and likeness by attracting Plaintiff's followers on Twitter and her fans worldwide to Defendants' Twitter account and to BigTits.City where her name appears alongside pornographic images that do not feature Plaintiff but that could lead a reasonable person to believe the images featured Plaintiff.

58. Plaintiff was harmed by the nonconsensual uses of her name and likeness in that it caused her to appear to viewers of the Subject Tweets in a commercial use advertising a pornography website and, on BigTits.City, to appear in pornography, thereby causing damage to Plaintiff's personal reputation as well as diminution in the value of Plaintiff's name and likeness as a professional model.

59. Plaintiff was further harmed by the nonconsensual uses of her name and likeness by BigTits.City in that it caused Internet search engines to display results that included pornography sites like BigTits.City to anyone searching "Genevieve Morton" online.

60. Defendant's conduct in deliberately using Plaintiff's name, image and likeness and identity without consent and in violation of the Twitter Developer Agreement in connection with commercial advertisements for pornography was a substantial factor in causing Plaintiff's harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

For an Order enjoining Defendants, their officers, agents, employees, temporarily during the pendency of this action and permanently thereafter:

1.  From infringing or contributing to the infringement by others the copyright in Plaintiff's Infringed Images or acting in concert with, aiding and

12

MORTON V. TWITTER, INC. ET. AL.
FIRST AMENDED COMPLAINT

1   abetting others to infringe said copyrights in any way; and

2          2.   From copying, duplicating, selling, licensing, displaying, distributing, or

3   otherwise using without Plaintiff's authorization copies of Plaintiff's works to

4   which Plaintiff is the owner of exclusive rights under the respective copyrights or

5   making derivative works based thereon; and

6          3.   For an award of actual damages suffered by Plaintiff as a result of the

7   infringement and any profits of the Defendants attributable to the infringement of

8   Plaintiff's exclusive rights under copyright and to pay such damages to Plaintiff as

9   to this Court shall appear just and proper, or in the alternative, at Plaintiff's

10  election, statutory damages for infringement in an amount no less than $150,000

11  per instance at a minimum of 67 instances, and any additional instances of

12  infringement discovered through the course of the litigation; and

13          A.   For an award of damages under California Civil Code § 3344 in an

14                 amount of $10,000,000 but no less than $750; and

15          B.   For an award of damages according to proof at trial; and

16          C.   For an award of attorney's fees pursuant to 17 U.S. Code Section 505; and

17          D.   For an award of pre-judgment interest and post-judgment interest in the

18                 maximum amount permitted by law;

19          E.   For such other and further relief as the Court deems just and proper.

20  Plaintiff hereby requests a jury trial on all triable issues.

21  Dated this 26th day of October 2022.

22

23                                                   __/S/ *Jennifer Holliday*

24                                                   Jennifer Holliday

25                                                   ATTORNEY FOR PLAINTIFF

26

27

28

13

MORTON V. TWITTER, INC. ET. AL.<br>FIRST AMENDED COMPLAINT