1  JENNIFER HOLLIDAY, State Bar No. 261343
     JLHolliday@protonmail.com
2  1901 Avenue of the Stars, 2nd Floor
3  Los Angeles, CA 90067
   Telephone: (805) 622-0225
4
5  *Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE MORTON, an individual, | 5:22-cv-01482(GHW-KSx) |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO SERVE PROCESS BY ALTERNATE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4** |
| TWITTER, INC., a Delaware corporation, Bigtits.city, et. al, | |
| Defendants. | HRG:  DEC. 22, 2022<br>TIME:  8:30 AM<br>CRTRM: 9D |

**THE HONORABLE GEORGE WU**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on December 22, 2022 AT 8:30 AM, or as soon thereafter as the matter may be heard at the United States District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, California 90012-4565 in Department 9D, Plaintiff GENEVIEVE MORTON ("Plaintiff") will, and hereby does, move this Court for an order granting leave to

PLAINTIFF'S NOTICE OF MOTION AND
MOTION FOR ORDER GRANTING LEAVE TO
SERVE PROCESS BY ALTERNATE SERVICE

Case No. 2:21-cv-07145 (GW-KSX)

| | |
|---|---|
| 1 | serve process on Defendant BigTits.city by alternate service.  This Motion is based |
| 2 | on the attached Memorandum of Points and Authorities, the Declaration of Jennifer |
| 3 | Holliday and exhibits thereto, the Proposed Order, the pleadings and papers filed |
| 4 | herein, and on such further matters as the Court may consider at the hearing on this |
| 5 | matter. |

As Defendant Twitter, Inc. has been dismissed from the action, and Bigtits.city has not been served with process, no conference was held pursuant to Local Rule 7-1.  However, all former Defendants were served with notice of the motion.

DATE:  November 28, 2022                        /s/*JENNIFER HOLLIDAY*

                                                                        JENNIFER HOLLIDAY

                                                                         Attorney for Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Genevieve Morton has been reasonably diligent but unsuccessful in attempting to locate and effectuate service of process pursuant to Rule 4 on Defendant Bigtits.city who has made considerable efforts to evade service. Plaintiff therefore respectfully seeks an order granting leave to effectuate service of process pursuant to Federal Rule of Civil Procedure 4 on Defendant Bigtits.city by electronic mail at the address Defendant supplied to Twitter, Inc. which Twitter, Inc. supplied to Plaintiff pursuant to a DMCA 512(h) subpoena and a copy to electronic mail listed on the Defendant's website registry.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On September 3, 2021, Plaintiff brought an action for copyright infringement and unauthorized use of name and likeness against Twitter, Inc. and its user @City_Tits, the official account for Defendant BigTits.City. [ECF 1] The Court consolidated the actions for pre-trial purposes with another action involving Twitter, Inc. [See *Morton v. Twitter, Inc.* 2:20-cv-10434] Twitter, Inc. has been dismissed from this action, and this Court ordered Plaintiff to serve a copy of the Amended Complaint on the remaining Defendant. [ECF 47] In attempting to locate the Defendant, Plaintiff discovered that the Defendant website displays thousands of pirated works, has been reported for copyright infringement hundreds of times, and uses the site to advertise and automatically redirect traffic to extreme pornography websites. [Decl. of Holliday ¶ 4].

While the website's official Twitter account was suspended after Plaintiff reported it and filed a lawsuit, the website is still accessible and features additional infringed works and unauthorized uses of Plaintiff's name and likeness. [Decl. of Holliday ¶ 5] The Defendant website owners have not been physically located and served via personal service due to the Defendant's considerable efforts to obfuscate

identity and location data including a change in registration following an order in this case. [Decl. of Holliday ¶ 6] Recent events indicate that Twitter, Inc. did not fully comply with a DMCA 512(h) Subpoena to reveal additional information about the user that would effectuate service of process, but since this Court dismissed Twitter, Inc., it has been acquired by another entity and sought to retain new counsel. [See *Morton v. Twitter, Inc. et. al.*, 5:22-cv-01482].

      Despite diligent efforts to determine the physical location of Defendant BigTits.city for purposes of service of process pursuant to Federal Rule of Civil Procedure 4, Plaintiff has thus far been unable to locate a real physical address where the Defendant can be found either inside the United States or abroad. [Decl. of Holliday ¶ 7] However, the Defendant registered the website through a company based in the United States and operates on servers in California. [Decl. of Holliday ¶ 7]. The Defendant's registered address is a virtual address in Iceland. [Decl. of Holliday ¶ 7] There is no other indication that the owner and operator of BigTits.city is located in Iceland, and the IP addresses associated with the account have been located in the Russian Federation as well as Afghanistan. [Decl. of Holliday ¶ 7]. Due to the extensive efforts the Defendant has undertaken to evade service of process and mask his or her identity, is unclear whether the Defendant is located within the United States or outside of the country. [See Decl. of Holliday]. Plaintiff hired an expert in geolocation and supplied the Court with the Declaration from the expert who could not conclusively determine the Defendant's location or identity from the data provided by Twitter produced pursuant to a DMCA 512(h) Subpoena.

      BigTits.city does not maintain a Registered Agent with the United States Copyright Office for purposes of reporting infringement. [Decl. of Holliday ¶ 9]. The mobile website lists a "contact" hyperlink which leads only to external websites

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO SERVE PROCESS BY ALTERNATE SERVICE     -3-     CASE NO. 2:21-CV-07145 (GW-KSX)

offering pornography with people performing sex acts live on camera, but no contact information. [Decl. of Holliday ¶ 10]

Although Plaintiff served a DMCA 512(h) Subpoena on Twitter, Inc. in January 2022, it did not produce any information related to the user's developer account, an account that had been granted direct access to the Twitter API after an application process. [Decl. of Holliday ¶ 3; See also ECF 41]. Twitter, Inc. did not supply information about the developer account, but it did supply an IP address and an electronic mail address. [See Decl. of Holliday]. The electronic mail address associated with the account is not listed on BigTits.city's domain registrar information which only lists an address through a privacy company that registered the website with a virtual address in Iceland. [Decl. of Holliday ¶ 11].

Plaintiff seeks an order granting leave to serve process on the defendant through the electronic mail address it supplied to Twitter, Inc. and that Twitter, Inc. represented to Plaintiff was the address it provided to create the account as this is the manner reasonably calculated to give the Defendant actual notice of the lawsuit.

## II. AUTHORITY

Federal Rule of Civil Procedure 4 governs service of process in civil suits. See Fed. R. Civ. P. 4  Federal Rule of Civil Procedure 4(e) governs service within the United States. Federal Rule of Civil Procedure 4(f) governs service outside the United States. "The task of determining when the particularities and necessities of a given case require alternate service of process" is placed squarely within the sound discretion of the district court." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284.F.3d 1007, 1016 (9th Cir. 2002).

a. **Service within the United States under Fed. R. Civ. P. 4(e)**

In the Ninth Circuit, district courts have allowed service of process by electronic mail where the defendant's physical location could not be found by

"reasonable and diligent attempts." See *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012); *Miller v. Ceres Unified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *3 (E.D. Cal. Sept. 7, 2016).

    b. **Service outside the United States under Fed. R. Civ. P. 4(f)**

The Ninth Circuit has long recognized the propriety of service of process by e-mail under [Rule 4(f)(3)](), See *Rio Properties, Inc. v. Rio Int'l Interlink*, 284.F.3d 1007, 1014-15 (9th Cir. 2002)  Since then, service by electronic mail and social media have been authorized by district courts when defendants could not be served by other means. See, e.g., *Lipenga v. Kambalame*, No. GJH-14-3980, 2015 WL 9484473, at *4 (D. Md. Dec. 28, 2015) (holding that service on defendant located in Malawi via email and Facebook was appropriate where defendant was recently actively using both accounts); *U.S. ex rel. UXB Int'l, Inc. v. 77 Insaat & Taahhut A.S.*, No. 7:14-CV-00339, 2015 WL 4208753, at *3 (W.D. Va. July 8, 2015) (holding that email service on owner of Iraqi and Afghan corporate defendants was proper where owner and defendants were "more than likely" already aware of litigation); *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (holding that service via Twitter was proper on defendant in Kuwait).

    c. **Due Process considerations**

"The goal of Rule 4 is 'to provide maximum freedom and flexibility in the procedures for giving all defendants…notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Kohler Co. v. Domain Jet, Inc.*, CASE NO. 11-cv-1767 - BEN (MDD) (S.D. Cal. Mar. 5, 2012) quoting *Elec. Specialty Co.* v. *Road & Ranch Supply, Inc.,* [967 F.2d 309, 314]() (9th Cir. 1992). "To comply with due process, the service of notice must be

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO SERVE PROCESS BY ALTERNATE SERVICE     -5-     Case No. 2:21-cv-07145 (GW-KSX)

'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' *Id.* quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

In *Kohler Co. v. Domainjet, Inc.*, plaintiffs sought leave to serve the defendants by email. *Kohler Co. v. Domainjet, Inc.,* 11-cv-1767-BEN MDD, 2012 WL 716883 (S.D. Cal. March 5, 2012). Pursuant to Rule 4(e)(1), the district court looked to California law to determine the sufficiency of the proposed service of process and determined that California law provides a broad framework for alternative means of service so long as it satisfies the requirement of due process that "summons be served in a manner which is reasonably calculated to give actual notice to the party . . . ." *Id.* The district court concluded that the plaintiffs had sufficiently demonstrated diligence in attempting to serve the defendants and found that email was reasonably calculated to give actual notice to the defendants because the plaintiffs had previously communicated with one of the defendants by email, and the email was listed with the registration of the defendants' domain names. *Id.* See also *Aevoe Corp. v. Pace,* Case No. C 11-3215 MEJ, 2011 WL 3904133 (N.D. Cal. Aug. 29, 2011) (permitting alternative service under Rule 4(e)(1) and allowing plaintiff to serve defendants by email, as well as by publication in the local newspaper, where traditional means of service failed).

While Plaintiff has not directly communicated with the Defendant via this electronic mail address, it was provided by Twitter, Inc. as the address recorded when the user created the account. Presumably, if the mail is returned as undeliverable, Plaintiff will be notified. As additional guarantee of actual notice, Plaintiff proposes serving the user's electronic mail address listed with the domain registrar.

## III. ARGUMENT

Plaintiff has made reasonable and diligent efforts to determine the location of this apparent web-based company that pirates copyrighted works and generates income through advertising and redirecting user traffic to extreme pornography sites. The Defendant websites has gone to extreme lengths to obfuscate its identity and location information, thwarting Plaintiff's diligent efforts. The site did not designate an agent with the United States Copyright Office, and other claimants are submitting reports about this site directly to Google as recently as this month, demonstrating the difficulty in locating this Defendant.

Plaintiff served a subpoena on Twitter, Inc. and hired an expert in geolocation to interpret the data Twitter provided. This expert was unable to conclusively identify or locate the Defendant based on the limited amount of data, and Plaintiff found conflicting information about the user's location. Plaintiff further searched domain registries and found only a virtual office maintained by a privacy company in Iceland that has no other apparent connection to the Defendant.

The Defendant website and its operators have been the subject of copyright infringement reports for over four years with no apparent compliance, indicating a complete disregard for United States law while operating on United States servers. Moreover, Defendant deliberately tricks users by offering a hyperlink to what purports to be contact information but that, when selected, leads users to extremely graphic pornography sites without any information on how to contact the site. The Defendant should not be rewarded for the efforts at obfuscation by denying Plaintiff a manner of service of process that not only comports with due process but that has been previously recognized as the appropriate manner to serve defendants who cannot be notified of the action by other means regardless of whether the defendant is located within or outside the United States.

Here, service of process by electronic mail is reasonably calculated to achieve actual notice of the lawsuit because the Defendant provided an electronic mail address to Twitter to create an account and one to its domain registrar, and it is likely to have access to one or both of these addresses. Plaintiff proposes service by two electronic mail addresses associated with the domain.

If the Court grants leave to serve by electronic means, Plaintiff requests an additional thirty days to effect service of process by electronic mail. If such leave is not granted, Plaintiff seeks leave to file a motion under Federal Rule of Civil Procedure 37 regarding dismissed Defendant Twitter's apparent contempt of the DMCA 512(h) Subpoena issued by the Clerk of this Court in 2:22-mc-00038 and of the Magistrate Judge's Order of August 3, 2021 commanding Twitter to disclose user information. This process may be delayed while Twitter, Inc. is in process of obtaining new counsel. Specifically, Plaintiff seeks withheld information related to the developer account that the user applied for and presumably paid for under the terms for operating such an account.

## IV. CONCLUSION

The Ninth Circuit recognizes the propriety of service of process by electronic mail in appropriate circumstances, and in this case, given Plaintiff's diligent yet ultimately unsuccessful efforts to locate and serve the Defendant by personal service, service by electronic mail is appropriate and warranted.

Plaintiff therefore asks this Court for leave to serve the Defendant website by the electronic mail address provided by Twitter, Inc. related to the Defendant's Twitter account and domain registrar.

Respectfully submitted,
*/s/Jennifer Holliday.*
JENNIFER HOLLIDAY
Attorney for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am over the age of eighteen and am not a party to the action. My business address is 1901 Avenue of the Stars, 2nd Floor, Los Angeles, CA 90067.

On November 28, 2022, I served the following documents described as **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO SERVE ALTERNATE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4** on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused the documents to be sent from email address JLHolliday@PROTON.ME to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct and of my own personal knowledge and that I am a member of the bar of this Court at whose direction the service was made.

Executed on November 28, 2022 at Los Angeles, California.

/s/*Jennifer Holliday*
JENNIFER HOLLIDAY

**SERVICE LIST**
**Morton v. Twitter, Inc., et. al.**
**Case No.** 2:21-cv-07145 (GHW-KSx)

Victor Jih
WILSON SONSINI GOODRICH & ROSATI
633 W. Fifth Street, Suite 1550
Los Angeles, CA 90071
323-210-2900
Fax: 866-974-7329
Email: vjih@WSGR.com

*LEAD ATTORNEY TO BE NOTICED*