UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-7145-GW-JEMx | Date | December 20, 2022 |
|---|---|---|---|
| Title | *Genevieve Morton v. Twitter, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF'S MOTION FOR ORDER GRANTING LEAVE TO SERVE PROCESS BY ALTERNATE SERVICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 4 [55]

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motion [55] set for hearing on December 22, 2022 at 12:30 p.m.

: 

Initials of Preparer   JG

*Genevieve Morton v. Twitter, et al.*; Case No. 2:21-cv-07145-GW-(KSx)
Tentative Ruling on Plaintiff's Motion for Alternative Service of Process

I.   **Background**

This is the second action brought by Plaintiff Genevieve Morton originally against Defendant Twitter and related entities concerning the unauthorized posting of Plaintiff's photographs on Twitter by third-party users. *See generally Genevieve Morton v. Twitter, Inc. et al.* ("Morton I"), Case No. 2:20-cv-10434-GW-(JEMx); *Genevieve Morton v. Twitter, Inc. et al.* ("Morton II"), Case No. 2:21-cv-07145-GW-(JEMx). Defendant Twitter filed a Motion for Summary Judgment in the *Morton I* action, which the Court granted in total as to Defendant Twitter. In response, the Court entered summary judgment in Twitter's favor as to all claims against it in the *Morton II* action. ECF No. 48. This action against Twitter was, thus, terminated. *Id.*

On October 26, 2022, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 49. In the FAC, Plaintiff states claims against Defendant BigTits.City and its agent, Doe Defendant 1, collectively ("Defendants") for copyright infringement, violation of Cal. Civil Code § 3344, and appropriation. *See generally* FAC. The tweets at issue in the FAC were posted around June 18, 2020, and September 10, 2020, by the user BigTits.City. FAC ¶¶ 11, 14. Further, Plaintiff alleges that Defendants used Morton's images on their website. *Id.* ¶¶ 21-27. Plaintiff has not yet served Defendants in this matter, however, as she has been unable to locate a physical address for the entities involved.

Before the Court now is Plaintiff's Motion for Order Granting Leave to Serve Process by Alternative Service ("Mot."). ECF No. 55. The Motion is unopposed, as Defendants have not yet been served. Plaintiff also filed a Supplement to the Motion to Serve Process by Alternative Service ("Supp.") on December 13, 2022. ECF No. 60.

II.  **Legal Standard**

"Federal Rule of Civil Procedure 4(e)(1) provides that a plaintiff may serve an individual using any method permitted by the law of the state where the district court is located or where service is made." *Creative Intellects v. Haygood*, No. 2:21-cv-02670-RGK-AFM, 2021 WL 3568237, at *2 (C.D. Cal. July 23, 2021). "[T]he California Code provides that '[w]here no provision is made in this chapter or other law for the service of summons, the court in which the

1

action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Id.* (second alteration in original) (quoting Cal. Civ. Proc. Code § 413.30). "Ninth Circuit law dictates that alternative means of service are permissible pursuant to Rule 4(e)(1) and Cal. Civ. Proc. Code § 413.30 when plaintiffs' reasonable attempts to effect service via expressly sanctioned techniques have failed." *Id.* (citing *Facebook, Inc. v. Banana Ads*, LLC, No. C-11-3619 YGR, 2012 WL 1038752, at *2–3 (Mar. 27, 2012), and *Microsoft Corp. v. Buy More, Inc.*, 703 F. App'x 476, 480 (9th Cir. 2017)).

Alternatively, a Federal court may order service on an overseas defendant to be done "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Courts have discretion to order alternative service when "the particularities and necessities of a given case require alternative service of process." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). This rule "is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Id.* at 1015 (citation and internal quotation marks omitted). However, the authorized method must not be prohibited by international agreement and must comport with constitutional notions of due process. *Id.* at 1014, 1016-17. The Ninth Circuit has held that service by email was proper where the defendant was located abroad, conducted business over the internet, and was not reachable unless via electronic methods. *Id.* at 1018.

### III. Discussion

The Court applies Rule 4(f)(3) to Plaintiff's request for service by alternative means. Service by email is not prohibited by international agreement. *See, e.g., Maxwell v. Chetouane*, No. C14-02643 HRL, 2014 U.S. Dist. LEXIS 128210, at *3 n.1 (N.D. Cal. Sept. 12, 2014) ("The Hague Convention does not prohibit service via email."). Service by email comports with due process. Finally, it is also clear that the Hague Convention has an exception for situations where the foreign defendant's physical address is unknown. *See* Hague Convention Article 1 ("This Convention shall not apply where the address of the person to be served with the document is not known.").

Plaintiff has demonstrated that she has made sufficient, but unsuccessful, investigatory efforts to identify Defendant and ascertain its physical whereabouts.[1] The Court finds that Plaintiff

---

[1] Plaintiff states that Defendant's website has obfuscated its identity and location information. Plaintiff alleges that Defendant's website does not designate an agent with the United States Copyright Office, nor does its

has, therefore, demonstrated reasonable diligence in attempting to serve the unidentified Defendant. *See Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978) (finding "reasonable diligence" means that "the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'").

However, it is unclear whether the email address Plaintiff is proposing to use to serve the Defendant is valid. Plaintiff has not offered any evidence or argument that the Defendant's email as provided to Twitter is a viable or serviceable email. In fact, Plaintiff states in her Motion that she "has not directly communicated with the Defendant" via this email address. Mot. at 6. Thus, before the Court will grant the Motion, the Court requests that Plaintiff attempt to email Defendant at the provided email address and, thereafter, submit to this Court confirmation of a delivered email (and any subsequent response) or any failure to deliver message received.

## IV. Conclusion

Based on the foregoing discussion, the Court requests that Plaintiff take the actions as detailed above. Plaintiff can then file a supplemental declaration attesting to her actions and the results thereof, and the Court will reconsider the Motion.

---

domain registry offer an office location. Plaintiff attests that she subpoenaed Twitter for the geolocation data of Defendant, but Plaintiff was not able to conclusively identify or locate Defendant based on such. Plaintiff further states that she attempted to contact Icelandic officials to ascertain whether the geolocation, as surmised from Twitter's geolocation data, was a valid office in Iceland. *See* ECF No. 60 ¶¶ 4-5.