JENNIFER HOLLIDAY SBN 261343
    JLHolliday@Proton.me
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
Telephone: (805) 622-0225

*Attorney for Plaintiff Genevieve Morton*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE MORTON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TWITTER, INC., a Delaware corporation, et. al,<br><br>    Defendants. | 2:21:cv-07145 (GW-KSx)<br><br>Re: 2:22-MC-00012<br><br>**PLAINTIFF'S MOTION TO CONSOLIDATE 2:22-MC-00012 AND FOR CONTEMPT AGAINST TWITTER, INC.**<br><br>DATE: APRIL 13, 2023<br><br>TIME: 8:30 AM<br><br>COURTROOM: 9D<br><br>THE HONORABLE GEORGE WU |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT on APRIL 13, 2023 AT 8:30 AM, or as soon thereafter as the matter may be heard at the United States District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Suite 4311, Los Angeles, California 90012-4565 in Department 9D, Plaintiff GENEVIEVE MORTON

JOINT STIPULATION RE: PLAINTIFF'S MOTION FOR CONTEMPT, TO COMPEL AND FOR SANCTIONS

Case No. 5:22-cv-01482

("Plaintiff") will, and hereby does, petition this Court to consolidate 2:22-mc-00012 with the above-captioned case and to award contempt sanctions against Twitter, Inc. ("Twitter") for failing to comply with a Rule 45 Subpoena. Specifically, Plaintiff requests that the Court preclude Twitter from asserting any defenses that the user was a third party and preclude Twitter or its attorneys from recovering any expenses, including attorneys' fees, awarded while it was in contempt of a DMCA Subpoena and going forward in this action. Twitter has frustrated Plaintiff's efforts to unmask the user for over two years.

This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Jennifer Holliday and exhibits thereto, the Subpoena served in 2:22-cv-00012, the Proposed Order, the pleadings and papers filed herein, the Court's record in this case and in *Morton v. Twitter, Inc.* 2:20-cv-10434 ("*Morton I*") and on such further matters as the Court may consider at the hearing on this matter.

Plaintiff made multiple good faith efforts to conduct a pre-filing conference of counsel, with counsel prior to the substitution of counsel, and with current counsel, neither counsel responded to requests for a pre-filing conference, and Plaintiff cannot resolve this without Court action.

<br>

Respectfully submitted,

DATE: March 10, 2023         /s/*JENNIFER HOLLIDAY*

JENNIFER HOLLIDAY

Attorney for Plaintiff

## CONSOLIDATION IS PROPER TO RULE ON THE SUBPOENA

The Clerk of this Court issued a Subpoena in 2:22-mc-00012. Plaintiff filed a Notice of Related Case at the time of issuance when this case was consolidated with *Morton v. Twitter, Inc..,* et. al. (A.k.a. "*Morton I*") [See *Morton I*, 2:20-cv-10434; ECF 100]. While the subpoena issued pursuant to Federal Rule of Civil Procedure 45, Twitter, Inc. was a party to the action at the time it was issued and compliance was due. However, Twitter, Inc. successfully sought dismissal and is no longer a party to the action. As an ISP offering service to BigTits.City, Twitter's obligations under the subpoena are distinct from its obligations as a party to the lawsuit. This Court should consolidate the miscellaneous case of the subpoena with this action, exercising jurisdiction over enforcement of the subpoena for judicial efficiency as the Twitter users involved include the remaining party in this action, BigTits.City. Jurisdiction is proper under 28 U.S.C. § 1331 as this Court has exclusive jurisdiction over claims involving The Copyright Act, and the Subpoena issued pursuant to 17 U.S.C. § 512(h).

## POINTS AND AUTHORITIES

### I. Introduction

Plaintiff served a DMCA § 512(h) Subpoena issued by the Clerk of this Court on the Custodian of Records of Twitter, Inc. while Twitter was a party to this action and represented by prior counsel. Twitter did not comply with the subpoena, and Plaintiff was not provided with information to conclusively identify the user. Twitter did not move to quash or modify the subpoena, and instead, sought discovery sanctions, summary judgment and dismissal while it was in contempt. The Court has not dismissed BigTits.City, one of the anonymous users that Plaintiff sought to unmask through service of the DMCA § 512(h) Subpoena.

As the registered owner of the works at the time of infringement and at the time of the service of the subpoena, Plaintiff has valid claims of infringement against BigTits.City, a.k.a. @City_Tits, and the site continues to display her works without

authorization. The only remedy for failure to comply with a subpoena under Federal Rule of Civil Procedure 45 is contempt.

## II. Relevant Facts

Plaintiff is the registered owner of copyrighted photographs. [Decl. of Holliday ¶ 1] Plaintiff filed two lawsuits against Twitter and its users operating accounts @spyirl ("*Morton I*": 2:20-cv-10434) and @city_tits ("*Morton II*": 2:21-cv-07145). [*Id.* at ¶ 2] Twitter sought dismissal from the actions on summary judgment and is no longer a party to the action. [*Id.* at ¶ 3] *Morton II* is still an active case, and this Court has granted Plaintiff leave to file an Amended Complaint and serve the defendant BigTits.city via alternate service as Plaintiff has had difficulty locating the user due to Twitter's failure to comply with the Subpoena. [*Id.* at ¶ 4]

On January 24, 2022, the Clerk issued a subpoena under Federal Rule of Civil Procedure 45 and pursuant to 17 U.S.C. § 512(h) directed to the Custodian of Records of Twitter, Inc. commanding production of documents and other information to unmask anonymous users of Twitter who allegedly copied and displayed Morton's copyrighted works without authorization. [Case. No. 2:22-mc-00012; See also ECF 100]. Specifically, the subpoena references five hyperlinks on Twitter where Plaintiff's copyrighted photographs were displayed without her authorization. Plaintiff caused the subpoena to be served on Twitter, Inc. on January 27, 2022. [*Id.* at ¶ 6].

On January 31, 2022, when it was still a party to the lawsuit, Twitter's counsel of record at the time (not the Custodian of Records) responded with a letter to Plaintiff improperly objecting to the Subpoena. [*Id.* at ¶ 7] Thereafter, Twitter partially complied with the subpoena, producing some responsive documents, but did not fully comply and did not file a motion to quash. [*Id.* at ¶ 9]

In partial compliance with the subpoena, which listed items with a reference number, Twitter produced a Zip File containing data, creating the appearance of

compliance. [*Id.*] Given the complexity of the format in which Twitter produced the information, Plaintiff had to retain professionals to analyze the data. [*Id.*]

The following table lists the items sought and the extent of Twitter's compliance:

| Sub. No. | Description of Information Sought | Produced |
|---|---|---|
| 1 | All identity and contact information including full name, email addresses, physical addresses, date of birth, gender, occupation, and other personal identifiers including profile photographs; | Some e-mail addresses |
| 2 | All past and current usernames and names associated with the accounts; | Some past and current usernames |
| 3 | The dates and times at which the account profiles were created and the internet protocol addresses at the time of sign-up;" | Dates and Times and IP Addresses at time of sign up; Additional material showing the accounts were created via "Oauth: 303300" and "Oauth: 268278" |
| 4 | All IP logs or other documents showing the IP addresses, dates, locations and time of each log-in to the accounts; | A data file marked IP Log was <u>empty</u> |
| 5 | All direct messages which have been sent or received; | No responsive material |

| 6 | Any websites or other links listed in the user bios; | No responsive material |
|---|---|---|
| 7 | Every "Tweet" including photographic images, the user(s) posted; | No responsive material |
| 8 | Any IMEI (International Mobile Station Equipment Identity) numbers collected from a mobile device that logged into the accounts @SpyIRL, @SpyIRL_Discount and @City_Tits; | No responsive material |
| 9 | Any and all user data collected off any website posted to the alleged infringers' bios or the Tweets posted at the URLs containing the infringed images; | No responsive material |
| 10 | Any other accounts, current or closed, associated with the users' IP addresses or IMEI numbers; | Some responsive material, but incomplete |
| 11 | The users' billing information if the account(s) were developer accounts or paid for advertisements on Twitter; and | No responsive material |
| 12 | Any other apps the users of the accounts have downloaded onto their mobile devices. | No responsive material |

Twitter did not fully comply with the subpoena. [*Id.* at ¶ 11] The data Twitter, Inc. did produce was analyzed by a professional who reported anomalies (1) Local Loopback Address in Logs; and (2) Overall Lack of Data. [*Id.* at ¶ 12]

Twitter has been dismissed as a party to the action, but it was nevertheless obligated pursuant to Federal Rule of Civil Procedure 45 to comply with the subpoena as an ISP with relevant information about the user who posted infringing material. [*Id.* at ¶ 15] The user is still a party to the action, and the user posted the Tweets to drive traffic to a pornography site where additional infringement appears along with over forty images featuring Plaintiff's name and likeness without her authorization. [*Id.*]

Since Plaintiff served the subpoena, Twitter, Inc. has been acquired by new owners and is represented by new counsel. [See generally ECF, new counsel of record] Twitter has sought multiple stays of the actions Plaintiff brought against it, and the sale of the company and ensuing transition to new counsel have resulted in delays not attributable to Morton who has diligently pursued her claims and discovery. [*Id.* at ¶ 16]. Plaintiff could make further determinations about the @City_Tits user if Twitter had complied with the subpoena. [*Id.* at 17]

Twitter is aware of its obligations and options on responding to a subpoena or filing a motion to quash or modify. At the time of non-compliance, Twitter, Inc. was involved in litigation in the Northern District of California, and the Court's decision in that case is relevant to this case. See *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022)

### III.    Legal Authority

"The DMCA provides a streamlined procedure through which copyright holders may subpoena internet service providers (like Twitter) for information identifying an alleged copyright infringer. *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022) citing 17 U.S.C. § 512(h). "[T]he statute requires prompt compliance by the service provider: 'Upon receipt of the issued subpoena . . . the service provider shall expeditiously disclose' the required information to the copyright owner, 'notwithstanding any other provision of law.' §

512(h)(5). *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022)

"[T]he [DMCA] subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented in the case-whether the subpoena should be enforced or not." *In re DMCA Subpoena to Reddit, Inc.*, 441 F.Supp.3d 875, 880 (N.D. Cal. 2020).

"Section 512(h) provides that 'the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.'" *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022) citing § 512(h)(6). "This provision incorporates Federal Rule 45, under which a court must 'quash or modify' a subpoena that 'requires disclosure of privileged or other protected matter.'" *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022) citing Fed.R.Civ.P. 45(d)(3)(A)(iii).

"A recipient of a DMCA subpoena may therefore move to quash on the basis that the subpoena would require disclosure of material protected by the First Amendment." *Id.* citing *Signature Management Team, LLC v. Automattic, Inc.*, 941 F.Supp.2d 1145, 1152-53 (N.D. Cal. 2013); *In re Verizon Internet Services, Inc.*, 257 F.Supp.2d 244, 263-64 (D.D.C. 2003), *rev'd on other grounds*, *Recording Industry Association of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d (D.C. Cir. 2003).

"Unless otherwise provided by this section or by applicable rules of the court… the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum." 17 U.S.C. § 512(h)(6).

### a. A Motion to Quash a DMCA 512(h) Subpoena is Dispositive

"A motion to quash typically involves a subpoena for discovery in connection with a pending lawsuit. In that situation, the motion is non-dispositive because it disposes of an ancillary discovery issue, and not a party's claim or defense." *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020) *See Flam v. Flam* , 788 F.3d 1043, 1046 (9th Cir. 2015). However, by contrast, a motion to quash a 512(h) subpoena can be dispositive. *Id.*

### b. Burden of Proof

Plaintiff had the initial burden to prove that she was entitled to cause the subpoena to issue, but once it issues, it is the recipient's burden to prove that the subpoena is objectionable. See e.g. 17 U.S.C. § 512(h)(1)-(4)

### c. Rule 45 Contempt

A DMCA 512(h) Subpoena is served under Federal Rule of Civil Procedure 45. The Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. Proc. 45(g). "Section 512(h) provides that 'the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum.'" *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022) citing § 512(h)(6). The Court has substantial discretion and a wide variety of options to sanction Twitter's misconduct. See Fed. R. Civ. P. 37(b)(2)(A).

## IV. Argument

Twitter, Inc. did not comply with the subpoena, but it did not file a motion to quash. It is plainly in contempt. The failure to comply – or to file a motion to quash – is inexcusable and reveals details about Twitter's overall strategy as a party to the litigation rather than as simply an ISP that offered service to BigTits.City.

When Twitter was served with the DMCA 512 subpoena in January 2022, Twitter could have simply complied with the subpoena or it could have filed a <u>dispositive</u> motion to quash the subpoena, conclusively resolving the issues of *ownership* and fair use. *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020). This would have expeditiously and dispositively resolved threshold issues of ownership and fair use it faced in the litigation against it. There is no substantial justification to explain why it did not file a motion to quash or modify while objecting and failing to comply. Days after receiving the subpoena to which it objected and with which it failed to comply, it argued in motion to compel sanctions that Plaintiff should be denied the statutory presumption of ownership and sought attorneys' fees exceeding $70,000.

Twitter's failure to comply is inexcusable. Twitter's counsel's billing records reveal Twitter's counsel was planning to seek sizable fees in association with its own motion to compel sanctions that it filed approximately two weeks after the subpoena was served. [See *Morton I*, ECF 128-1] (Billing Entry: 1/28/2022 – Draft monetary sanctions section of motion); [See also *Morton I*, ECF 109-37] (Billing entry 1/28/22 "Draft and revise motion for sanctions, research and internal communications regarding the same; draft and revise response letter to Morton's DMCA Subpoena 8.5 hours"). Twitter's former counsel's billing records further reveal that **the day after Morton served the DMCA Subpoena**, counsel was conferring for 1.3 hours "re: terminating sanctions as part of the motion [to compel]." [*Id.* ECF 109-37]. At this point, Twitter had not even served its Initial Disclosures or noticed Morton's deposition for February 10, 2022. It had filed its Answer in this action (*Morton II*) only ten days prior. [See ECF, Jan. 18, 2022]

Twitter's failure to fully comply with the Subpoena was largely indetectable while Twitter's Motion to Compel Sanctions was pending because Twitter partially complied without filing a motion to quash or modify, and Plaintiff had to retain a

professional to interpret the technically complex data files Twitter produced only days before it filed an unanticipated Motion to Compel Sanctions.

Plaintiff has attempted to obtain information about Twitter's users who infringed her work for over two years without seeking the Court's intervention. She has attempted to resolve all discovery disputes without any unnecessary motions or burdens on the Court. Plaintiff conducted discovery in good faith, relying on Twitter to comply with its discovery obligations under Rule 26, and when it failed to disclose the information, the Magistrate Judge ordered Twitter to produce user information on August 3, 2021. Still, Twitter did not fully disclose a sufficient amount of information to unmask the infringer. Based on the limited amount of information Twitter produced, Plaintiff requested this Subpoena. Rather than simply comply with the Subpoena, or move to quash or modify, Twitter partially complied, but this partial compliance, without an order modifying the subpoena, is still contempt.

### a. Consolidation is Proper Under These Circumstances

A DMCA subpoena is its own civil case. *In re DMCA Subpoena to Reddit, Inc.*, 441 F.Supp.3d 875, 880 (N.D. Cal. 2020). Had Twitter timely moved to quash, it would likely have come before this Court when Twitter was still a party to the case. Given the circumstances, where the case is still pending against the user and the issue of Plaintiff's ownership of the Copyrights is being resolved, the Court should consolidate the miscellaneous case of the subpoena with 2:21-cv-07145.

### b. Plaintiff Served a Valid Subpoena and Twitter Partially Complied

Acknowledging the validity of the Subpoena, Twitter partially complied, producing some, but not all, responsive material. Twitter did not produce enough material to conclusively identify and serve the third-party infringer. It has not, and cannot, offer any legitimate excuse for protecting a third-party infringer of copyrights, particularly one that was using the works to advertise a third-party pornography website that operates in violation of federal law.


### c. Twitter, Inc. Did Not Move to Quash or Modify

Twitter could have moved to quash or modify the subpoena. In fact, Twitter, Inc. was <u>required</u> to move to quash or modify the subpoena if it reasonably believed it should be excused from full compliance and did not intend to comply. See Fed. R. Civ. P. 45; See also *In re DMCA § 512(H) Subpoena to Twitter, Inc.*, 20-mc-80214-VC, 4 (N.D. Cal. Jun. 21, 2022) By partially complying with the subpoena, Twitter, Inc. acknowledged the validity of the subpoena, but by not complying entirely and failing to produce all responsive material, Twitter is plainly in contempt without any sufficient excuse for non-compliance.

### d. Twitter Is in Contempt

Under Federal Rule of Civil Procedure 45, the remedy for a failure to comply with a subpoena is contempt. See Fed. R. Civ. P. 45(g). The Subpoena is directed to the Custodian of Records, an employee of Twitter, and the company itself is obligated to comply or offer an adequate excuse for non-compliance. Twitter has no adequate excuse for non-compliance. It has repeatedly disclaimed any liability for the harm caused by its user, and yet it has shielded its user by refusing to comply with a subpoena.

Plaintiff recognizes that Twitter is now under new ownership and represented by new counsel who may not have been apprised by Twitter's previous owners or prior counsel of the failure to comply with the subpoena. However, by declining to respond to requests to meet and confer on this motion, Twitter's new counsel cannot claim to be operating in good faith or that Twitter should not be held responsible for its prior misconduct, particularly as Twitter has presently sought to advance attorney fee sanctions against Plaintiff that were obtained while Twitter was in apparent contempt of DMCA 512(h) subpoena.

Although Twitter previously convinced the Court that Plaintiff could not prove ownership of the copyrighted works, *eight months* after the subpoena issue and the time to comply had expired, Plaintiff was entitled to the statutory

presumption of ownership under 17 U.S.C. § 410(c) at the time the subpoena issued and throughout the compliance period. Twitter cannot cure, *ex post facto*, its contempt by claiming that it later proved Plaintiff was not the legal and beneficial owner at the time the compliance was due. It could have, and should have, in observance of Federal Rule of Civil Procedure 1, raised that issue in a Motion to Quash to secure a just, speedy, and inexpensive resolution for all parties.

### e. Delays Are Attributable Solely to Twitter

Twitter sought multiple stays of Plaintiff's actions, and Plaintiff scrupulously honored the Court's orders to stay the actions and/or discovery – in September 2022, in November 2022, and in December 2022 – February 2023 in *Morton III*, refraining from taking any court action while Twitter was in transition to new ownership and new counsel. When the Court determined that Plaintiff's issue with ownership of the copyrights should be addressed with the Copyright Office, Plaintiff scrupulously adhered to the Court's instructions and sought to supplement her registration so that she can enforce her intellectual property against BigTits.City which continues to display her copyrighted photographs.

Twitter's ongoing efforts to delay do not prevent this Court from finding it in contempt of this subpoena. If Twitter continues to frustrate Plaintiff's ability to enforce her copyrights – even against third parties by failing to disclose user information – it is frustrating her ability to comply with the Court's Order awarding attorney's fees to Twitter's former counsel.

Twitter cannot, in observance of basic principles of equity, ask this Court to find Plaintiff in contempt of orders while it has actively withheld user information in clear contempt of a 512(h) Subpoena without even seeking to quash or modify the subpoena.

### f. Appropriate Sanctions

An appropriate sanction is to preclude Twitter from asserting any defense on the basis that the user is a third party as Twitter has failed to disclose sufficient

information and the Court should infer that the withheld information would be adverse to Twitter.  Furthermore, **Twitter should not be permitted to collect any fee sanction award due to its contempt.**  Alternatively, the Court should consider awarding Plaintiff monetary sanctions for the unnecessary *eight months* of litigation expenses, including depositions of Morton and Riker and Professor Wahlquist, that could have been avoided if Twitter had, given its partial compliance, exercised its obligation to move to quash the subpoena and dispositively resolve the issues of ownership, validity of the copyright, and the fair use defense at that stage. Given Twitter's filing of a motion to compel sanctions seeking to preclude Morton from relying on the statutory presumption of ownership – in the same week it partially complied with a subpoena and failed to move to quash on the issue of ownership – Twitter's contempt is clearly willful misconduct and indicative of a bad faith litigation strategy.

## V.     Conclusion

Twitter, Inc. did not comply with a DMCA 512(h) Subpoena and did not file a motion to quash or modify.  It is plainly in contempt, and it has frustrated Plaintiff's efforts to locate and serve the anonymous user @City_Tits. The Court should a) consolidate the cases; b) find Twitter, Inc. in contempt; and c) preclude Twitter from asserting any defenses that the user was a third party and preclude Twitter or its attorneys from recovering any expenses, including attorney's fees, awarded while it was in contempt of a DMCA Subpoena and going forward in this action.

Respectfully submitted,

Dated:  March 10, 2023

JENNIFER HOLLIDAY

By: /s/  *Jennifer Holliday*

Attorney for Plaintiff